IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA SCHOUPPE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLAKESLEE POST OFFICE, US POST )<br>OFFICE, KIRBY UPRIGHT, d/b/a )<br>LAMPLIGHTER ASSOCIATES and )<br>KIRBY UPRIGHT, d/b/a LAMPLIGHTER )<br>ASSOCIARTES GP, )<br>)<br>Defendant. ) | No. 3-16-CV-290<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

### Introductory Statement

1. This Complaint arises from Plaintiff's slip and fall at the Blakeslee Post Office in Blakeslee, Monroe County, Pennsylvania.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 39 U.S.C. § 409(a), 28 U.S.C. §§ 1346, 1367, 2674.

3. Venue is proper in this District pursuant to 28 U.S. Code § 1391(b)(2) as the incident occurred in this District.

### PARTIES

4. Plaintiff, Patricia Schouppe, is a competent adult individual with a current address within the Commonwealth of 337 Kuhenbeaker Road, Blakeslee, Monroe County, Pennsylvania 18610.

5. Defendant, Blakeslee Post Office, is a post office/government entity with a principal place of business located at 5677 Route 115, Blakeslee, Monroe County,

Pennsylvania 18610.

6. Defendant, US Post Office, is a post office/government entity with a principal place of business located at 5677 Route 115, Blakeslee, Monroe County, Pennsylvania 18610.

7. Defendant, Kirby Upright, d/b/a Lamplighter Associates is a competent adult individual with a current address within the Commonwealth of 137 Wyndham Drive, Cresco, Monroe County, Pennsylvania 18326.

8. Defendant, Kirby Upright, d/b/a Lamplighter Associartes GP is a competent adult individual with a current address within the Commonwealth of 137 Wyndham Drive, Cresco, Monroe County, Pennsylvania 18326.

9. At all times pertinent hereto, Defendants were acting jointly and severally with and by and through their agents, servants and employees.

## FACTS

10. On February 20, 2014, Plaintiff Patricia Schouppe was a business invitee at the Blakeslee Post Office located at 5677 Route 115, Blakeslee, Monroe County, Pennsylvania, which post office sits on land owned by Defendant, Kirby Upright, d/b/a Lamplighter Associates and Defendant, Kirby Upright, d/b/a Lamplighter Associartes GP.

11. Plaintiff Patricia Schouppe was visiting Defendant Blakeslee Post Office at approximately 10:00 a.m. to pick up mail.

12. After Plaintiff Patricia Schouppe entered the post office to get the mail, she was on her way back to her car when she slipped and fell on ice in the parking lot.

13. The subject fall caused Plaintiff Patricia Schouppe to fall on her right side and injure her right arm, neck, lower back, and right leg.

14. The aforesaid accident caused Plaintiff Patricia Schouppe to sustain severe and serious personal injuries.

## APPLICABLE LAW

15. The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. 28 U.S.C. § 2674. ("Federal Tort Claims Act").

16. The provisions of chapter 171 [28 USCS §§ 2671 et seq.] and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service. 39 U.S.C. § 409(c).

17. The laws of Pennsylvania shall be used to determine liability for the claims for relief below. 28 U.S. Code § 1346

## CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE
### PLAINTIFF PATRICIA SCHOUPPE V. ALL DEFENDANTS

18. Plaintiff hereby incorporates paragraphs 1 through 17 above as if the same were set forth more fully at length herein.

19. Defendants as the owners/occupiers/vendors of the premises out of which they run a post office, which post office depends on the business of potential customers, owed a duty to Plaintiff Patricia Schouppe, who was a business invitee, to make the premises safe for her use and/or adequately warn her of any dangers, which duty Defendants breached.

20. As a direct and proximate result of the breach of the duty of care owed by Defendants, Plaintiff Patricia Schouppe slipped and fell in the parking lot associated

with Defendants' place of business, thereby causing Plaintiff Patricia Schouppe to suffer serious, significant, and potentially permanent and disabling injuries described herein below.

21. Plaintiff Patricia Schouppe's slip and fall at Defendants' place of business was the direct and proximate result of the negligent conduct of Defendants, which consists of one or more of the following:

> a) Failing to properly guard against any dangers that existed on the premises, namely water, ice and melting ice in the parking lot;
>
> b) Failing to discover and make safe all known and unknown dangers;
>
> c) Failing to make the premises ready and safe for Plaintiff Patricia Schouppe's reception, who was a business invitee at the time of the incident in question;
>
> d) Failing to provide proper or sufficient warning to Plaintiff Patricia Schouppe of the potentially dangerous condition(s) then and there existing;
>
> e) Failing to properly maintain the premises, so as to avoid the existence of water, ice and melting ice in the parking lot;
>
> f) Failing to detour or deny business invitees, such as Plaintiff Patricia Schouppe, access to areas where there was water, ice or melting ice in the parking lot;
>
> g) Failing to take adequate precautions to inspect, and/or discover the above defect and remove the same prior to Plaintiff Patricia Schouppe falling;

    h) Failing to correct the above defect in a reasonable amount of time despite the fact that Defendants, acting through their employees and/or agents, knew or should have known of the defects; and

    i) Failing to make the parking lot safe to use for Plaintiff Patricia Schouppe, who was a business invitee.

22. As a direct and proximate result of the above described negligence of Defendants, Plaintiff Patricia Schouppe has sustained and suffered serious, severe, significant, and potentially permanent and disabling injuries, which include, but are not limited too, the following:

    a) L5-S1 disc bulge with left subarticular recess and foraminal protrusion with impingement/abutment of the left L5 exiting nerve root;

    b) Cervical radiculopathy, cervical sprain/strain, cervicalgia;

    c) lumbago, lumbar facet joint pain, lumbar sprain/strain, lumbar radiculitis;

    d) Thoracic sprain/strain, thoracic radiculitis;

    e) Forearm contusions;

    f) Post Concussive Syndrome;

    g) Headaches; and

    h) Injury to her soft tissues, including, but not limited to injury of the skin, muscles, blood vessels, nerves and ligaments in proximity to the above described areas and other parts of her body, including her head, arms, legs and torso; and

        i) An aggravation of any of the within preexisting conditions.

23. As a direct and proximate result of the negligence of Defendants, and the injuries sustained by Plaintiff Patricia Schouppe, as a result thereof, Plaintiff Patricia Schouppe has, and presently endures pain and suffering and may continue to endure pain and suffering into the future.

24. As the direct and proximate result of the negligence of Defendants, Plaintiff Patricia Schouppe has incurred numerous medical expenses associated with the medical care and treatment necessitated by the slip and fall accident and may incur the same into the future, and is subject to a lien by the insurance carrier, who paid such medical bills, against any damages obtained as a result of this action.

25. The medical care and treatment endured by Plaintiff Patricia Schouppe as a result of this slip and fall accident has been reasonable and necessary for improving and alleviating her pain and symptoms.

26. As a direct and proximate result of the negligence of Defendants, Plaintiff Patricia Schouppe has undergone and experienced great humiliation, embarrassment, inconvenience and has endured the loss of pleasure of life with her injuries affecting her ability to engage in her daily activities, hobbies or to engage in gainful employment in the same manner she was able to prior to the slip and fall accident.

27. As a direct and proximate result of the negligence of Defendants, Plaintiff Patricia Schouppe has suffered a wage loss and sustained impairment of her future earning capacities and/or her economic horizons.

28. At all times relevant hereto, Plaintiff Patricia Schouppe was not comparatively negligent for her injuries.

29. As a result of the care provided, Plaintiff Patricia Schouppe has incurred a debt and

obligation of subrogation to insurers, Workers' Compensation Insurers, the Department of Public Welfare, Medicare/Medicaid and/or medical providers in an amount not yet fully ascertained for services, which were reasonable and necessary in an effort to cure her sustained injuries.

**WHEREFORE**, Plaintiff Patricia Schouppe respectfully requests this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $50,000.00, plus interest, costs of suit and damages for delay pursuant to Pa.R.C.P. 238.

<u>**COUNT II**</u>
<u>**PLAINTIFF VS. DEFENDANT**</u>
<u>**RESPONDEAT SUPERIOR/VICARIOUS LIABILITY**</u>

30. Plaintiff hereby incorporates paragraphs 1 through 29 above as if the same were set forth more fully at length herein.

31. It is alleged that at all times relevant hereto, Defendants' agents, servants and employees were acting or failing to act, in their capacity and/or in the scope of their employment as agents, servants or employees of Defendants, and/or were engaged in the furtherance of the business of or the businesses owned by Defendants.

32. As a direct and proximate result of the above-described negligence of Defendants acting by and through their agents, servants and employees, Plaintiff Patricia Schouppe has sustained and suffered serious, severe, significant, permanent and disabling injuries, which are set forth above and has suffered the damages set forth above.

33. The combined negligence of Defendants and their agents, servants and employees, has caused personal injury to Plaintiff Patricia Schouppe, rendering Defendants

joint tortfeasor.

34. Defendants and their agents, servants and employees were acting jointly and severally by and through said agents, servants and employees.

**WHEREFORE**, Plaintiff Patricia Schouppe respectfully requests this Honorable Court enter judgment in her favor and against Defendants, in an amount in excess of $50,000.00, plus interest, costs of suit and damages for delay pursuant to Pa.R.C.P. 238.

**A JURY TRIAL IS DEMANDED ON ALL COUNTS**

ANDERS, RIEGEL & MASINGTON, LLC

By: _____
Joshua B. Goldberg, Esquire
Atty. ID#: 83346
Attorney for Plaintiffs
128 E. Broad Street
Bethlehem, PA 18018
(610) 849-2788