UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA SCHOUPPE | : | |
| | : | |
| PLAINTIFF | : | CIVIL ACTION – LAW |
| | : | |
| v. | : | |
| | : | |
| BLACKSLEE POST OFFICE, | : | JURY TRIAL DEMANDED |
| U.S. POST OFFICE, | : | |
| KIRBY UPRIGHT d/b/a | : | |
| LAMPLIGHTER ASSOCIATES | : | |
| AND KIRBY UPRIGHT d/b/a | : | |
| LAMPLIGHTER ASSOCIATES | : | NO:  3:16-CV-00290-UN4 |
| OF GP | : | |
| | : | |
| DEFENDANTS | : | |

**ANSWER OF DEFENDANTS, KIRBY UPRIGHT D/B/A LAMPLIGHTER
ASSOCIATES AND KIRBY UPRIGHT D/B/A LAMPLIGHTER
ASSOCIATES OF GP TO PLAINTIFF'S COMPLAINT**

Now comes the Defendants, Kirby Upright d/b/a Lamplighter

Associates and Kirby Upright d/b/a Lamplighter Associates of GP, by and

through their attorneys, Marshall Dennehey Warner Coleman & Goggin.,
P.C. and answers the Plaintiff's Complaint as follows:

1.      Answering Defendants lack sufficient knowledge to admit the
averments in paragraph 1 of the Plaintiff's Complaint therefore said
averments are denied.

2.      Admitted.

3.      Admitted.

4.      Answering Defendants lack sufficient knowledge to admit
paragraph 4 of the Plaintiff's Complaint therefore denies same.

5.      The averments contained in paragraph 5 of the Plaintiff's
Complaint are conclusions of law therefore a responsive pleading is not
required.  Should a responsive pleading be required said averments are
denied.

6.      The averments contained in paragraph 6 of the Plaintiff's
Complaint are conclusions of law therefore a responsive pleading is not
required.  Should a responsive pleading be required said averments are
denied.

7.      Admitted.

8.      Admitted.

9.    The averments contained in paragraph 9 of the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

10.    The averments contained in paragraph 10 of the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

11.    Answering Defendants lack sufficient knowledge to admit the averments in paragraph 11 of the Plaintiff's Complaint therefore said averments are denied.

12.    Answering Defendants lack sufficient knowledge to admit the averments in paragraph 12 of the Plaintiff's Complaint therefore said averments are denied.

13.    Answering Defendants lack sufficient knowledge to admit the averments in paragraph 13 of the Plaintiff's Complaint therefore said averments are denied.

14.    Answering Defendants lack sufficient knowledge to admit the averments in paragraph 14 of the Plaintiff's Complaint therefore said averments are denied.

15.     The averments contained in paragraph 15 in the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

16.     The averments contained in paragraph 16 in the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

17.     The averments contained in paragraph 17 in the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

**CLAIMS FOR RELIEF**
**COUNT I**
**NEGLIGENCE**
**PLAINTIFF, PATRICIA SCHOUPPE V ALL DEFENDANTS**

18.     With regard to the averments contained in paragraph 18 of the Plaintiff's Complaint the Answering Defendants incorporate their responses to the paragraphs referenced therein as if set forth here at length.

19.   The averments contained in paragraph 19 are conclusions of law to which no response is required.  Should a responsive pleading be required said averments are denied.

20.   The averments contained in paragraph 20 of Plaintiff's Complaint are denied.

21.   (a-i)  The averments contained in paragraph 21 of Plaintiff's Complaint are denied.

22.   (a-i) The averments contained in paragraph 22 of Plaintiff's Complaint are denied.

23.   The averments contained in paragraph 23 of Plaintiff's Complaint are denied.

24.   The averments contained in paragraph 24 of Plaintiff's Complaint are denied.

25.   The Answering Defendant lacks sufficient information or knowledge to admit the averments contained in paragraph 25 of the Plaintiff's Complaint therefore said averments are denied.

26.   The averments contained in paragraph 26 of Plaintiff's Complaint are denied.

27.   The averments contained in paragraph 27 of Plaintiff's Complaint are denied.

28.     The averments contained in paragraph 28 of the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

29.     The Answering Defendant lacks sufficient information or knowledge to admit the averments contained in paragraph 29 of the Plaintiff's Complaint therefore said averments are denied.

**WHEREFORE**, Answering Defendants hereby request this Honorable Court to dismiss the Plaintiff's Complaint and award costs and fees in favor of Answering Defendants.

### COUNT II
### PLAINTIFF V DEFENANT
### RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

30.     With regard to the averments contained in paragraph 30 of the Plaintiff's Complaint the Answering Defendants incorporate their responses to the paragraphs referenced therein as if set forth here at length.

31.     The averments contained in paragraph 31 of the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

32.    The averments contained in paragraph 32 of the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

33.    The averments contained in paragraph 33 of the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

34.    The averments contained in paragraph 34 of the Plaintiff's Complaint are conclusions of law to which no responsive pleading is required.  Should a responsive pleading be required said averments are denied.

Wherefore, Answering Defendants hereby request this Honorable Court to dismiss the Plaintiff's Complaint and award costs and fees in favor of Answering Defendants.

## FIRST AFFIMATIVE DEFENSE

35.    The Answering Defendant claims that the defense of comparative/contributory negligence as the Plaintiff's fall was caused solely by her own negligence.  In the alternative while the Answering Defendant admits no negligence on its behalf any negligence that may be found

against the Answering Defendant will be outweighed when compared to that of the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

36.    Plaintiff's claim may be barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

37.    Any and all of the Plaintiff's injuries may have been through other events or conditions.  Discovery is ongoing.

## FOURTH AFFIRMATIVE DEFENSE

38.    Plaintiff may have failed to mitigate her original damages. Plaintiff may have had an opportunity to avoid the incident and failed to take that opportunity.  Discovery is ongoing.

## FIFTH AFFIRMATIVE DEFENSE

39.    Plaintiff has failed to state a claim upon which relief can be granted.

Wherefore, the Answering Defendants, Kirby Upright d/b/a Lamplighter Associates and Kirby Upright d/b/a Lamplighter Associates of

GP, hereby request that judgment be entered in their favor and against the Co-Defendant and Plaintiff plus costs.

## CROSS CLAIM PURSUANT TO F.R.C.P. 13

40.    Moving Defendants, Kirby Upright d/b/a Lamplighter Associates and Kirby Upright d/b/a Lamplighter Associates of GP, incorporates by reference without adoption or omission as if the same were set forth herein fully in the Plaintiff's Original Complaint and states that the Co-Defendant, Blakeslee Post Office and US Post Office, are liable on the cause or causes of action alleged.  The allegations contained in this Answer are incorporated herein by reference as fully as though set forth at length.

41.    The Moving Defendants expressly deny any liability to the Plaintiff.  If the Moving Defendants are liable to the Plaintiff, which liability is denied, then the Co-Defendants, Blakeslee Post Office and the US Post Office are jointly and severally liable over to the Moving Defendants on the cause or causes of action alleged.

42.    Defendants, Blakeslee Post Office and US Post Office, are joined to protect the Answering Defendants right of indemnity and/or contribution and the Answering Defendants allege that said Defendants are alone liable or, in the alternative, liable over to the Answering Defendants

or alternatively are jointly and severally liable, the existence of any liability on the part of the Answering Defendants being denied.

43.   It is the Moving Defendants position that Defendants, Blakeslee Post Office and US Post Office were completely responsible for the care and maintenance of the parking lot where the alleged incident occurred and as such they are solely liable for this loss.

Wherefore, the Moving Defendants, Kirby Upright d/b/a Lamplighter Associates and Kirby Upright d/b/a Lamplighter Associates of GP, hereby request that judgment be entered in their favor.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

John T. McGrath, Esquire
Atty. I.D. #77680

LEGAL/104192699.v1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA SCHOUPPE                       :
                                        :
                    PLAINTIFF           :        CIVIL ACTION – LAW
                                        :
v.                                      :
                                        :
                                        :
BLACKSLEE POST OFFICE,                  :        JURY TRIAL DEMANDED
U.S. POST OFFICE,                       :
KIRBY UPRIGHT d/b/a                     :
LAMPLIGHTER ASSOCIATES                  :
AND KIRBY UPRIGHT d/b/a                 :
LAMPLIGHTER ASSOCIATES                  :        NO:  3:16-CV-00290-UN4
OF GP                                   :
                                        :
                    DEFENDANTS          :

## CERTIFICATE OF SERVICE

I, John T. McGrath, Esquire, hereby certify that on March 16, 2016, I served a true and correct copy of a Answer with Affirmative Defenses and Cross-Claim via first class United States Mail, postage paid, upon the following:

Joshua B. Goldberg, Equire
Anders, Riegel & Massington, LLC
128 E. Broad Street
Bethlehem, PA 18018

Mark E. Morrison, Esquire
Assistant United States Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

John T. McGrath, Esquire