IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA SCHOUPPE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLAKESLEE POST OFFICE, )<br>US POST OFFICE, KIRBY )<br>UPRIGHT, d/b/a LAMPLIGHTER )<br>ASSOCIATES and KIRBY )<br>UPRIGHT, d/b/a LAMPLIGHTER )<br>ASSOCIARTES GP, )<br>)<br>Defendant. ) | No. 3:16-CV-00290<br><br>JURY TRIAL DEMANDED |

## MOTION TO STAY PROCEEDINGS

Plaintiff, through undersigned counsel, respectfully moves this Court to stay the above-captioned matter, including discovery, to allow the parties sufficient time to continue the administrative claims process proscribed in the Federal Tort Claims Act. In support of this Motion the Plaintiff reports the following:

1. Plaintiff alleges an injury occurring on February 24, 2014 resulting from a slip and fall on ice outside of the Post Office.

2. The Federal Tort Claims Act requires an administrative claim be presented in writing to the appropriate Federal agency and received by the agency within 2 years from the time such claim accrues. See 28 U.S.C. § 2401(b).

3. Plaintiff began the administrative claims process on June 20, 2014. DE # 19, Defendant's Statement of Facts, No. 4.

4. Plaintiff submitted a Standard Form 95 ("SF 95") on December 7, 2015 which was received by the Postal Service on December 9, 2015. DE # 19, Defendant's Statement of Facts, No. 5.

5. Plaintiff was unable to complete the administrative claims process prior to February 24, 2016 when the statute of limitations was to expire.

6. As a result, Plaintiff was required to file this civil action to preserve the statute of limitations.

7. The Postal Service filed a Motion to Dismiss and/or Motion for Summary Judgment on June 1, 2016 on the basis that Plaintiff did not complete the administrative claims process prior to filing a civil action.

8. For the reasons set forth in Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss and/or for Summary Judgment, Plaintiff requests the Court stay the instant action so that Plaintiff may now complete the administrative claims process.

9. If the Post Office and the Plaintiff reach a resolution during the administrative claims process, the instant civil action, as it pertains to the Post Office, will be moot.

10. The undersigned hereby certifies that Mark. E. Morrison, Attorney for the Defendant, was contacted for concurrence or non-concurrence in the foregoing Motion. Attorney Morrison did not respond to the request for concurrence.

11. The undersigned contacted John T. McGrath, Jr, Attorney for the Defendant, Kirby Upright d/b/a Lamplighter Associates. Attorney McGrath concurred with the Motion.

WHEREFORE, the United States respectfully requests that the Court enter an order staying this action, including discovery, pending the United States Post Office's review of Plaintiff's administrative tort claim.

Date: August 12, 2016

Respectfully submitted,

s/ Patrick J. Best, Esq.
Patrick J. Best, Esq.
Pa Id. No. 309732
18 N. 8th St.
Stroudsburg PA 18360
570-424-1117
Fax: 570-424-2814